IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-00187-PAB

MENG UOY CHANG,

    Plaintiff,

v.

DAVID ROUT,
HOMEWARD ALLIANCE INC.,
MURPHY CENTER LLC, and
WILLIAM EUGENE GILMORE, JR.,

    Defendants.

---

**ORDER TO SHOW CAUSE**

---

    The Court takes up this matter *sua sponte*. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time

and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  The complaint indicates that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.  Docket No. 1 at 3.

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff checks the box on his complaint indicating that this case involves a "Federal question pursuant to 28 U.S.C. § 1331;" however, plaintiff does not identify the specific federal statute, treaty, or constitutional provision at issue in this case.  Docket No. 1 at 3.  Plaintiff states that the basis for jurisdiction under 28 U.S.C. § 1331 is "Poor Rules, and Security to Cause Unsafety Property to Damage Plaintiff Body."  *Id*.  Because the complaint contains no allegations that reference federal law, the complaint does not establish federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must

be physically present in the state and intend to remain there." *Id*. at 1260.  A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

Plaintiff checks the box on his complaint indicating that there is diversity of citizenship pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 3.  Plaintiff states that he is a citizen of Colorado.  *Id*.  The complaint states that "Defendant 1 is incorporated under the laws of Colorado," *see id*., which seemingly refers to defendant Homeward Alliance Inc.  The complaint therefore indicates that complete diversity does not exist in this matter because plaintiff and one defendant are both citizens of Colorado.  Furthermore, the complaint contains no allegations regarding the citizenship of any other defendant.  The complaint also does not provide sufficient information regarding the amount in controversy.   Plaintiff fails to include any estimation of his damages and does not claim that his damages exceed $75,000.  Accordingly, the complaint does not establish a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff has failed to satisfy his burden of establishing this Court's subject matter jurisdiction.  It is therefore

**ORDERED** that, on or before **March 15, 2024**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 26, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge